■ COPPOLA BROS. EXCAVATION CORP., Plaintiff, v M. MELNICK & Co., INC., et al., Defendants.—Plaintiff's motion, denominated as one to modify or resettle, will be properly treated as a motion to reargue. Although the motion was not brought within 30 days after this court's original decision (22 NYCRR 600.14), the short delay will be overlooked and the motion will be considered upon the merits. The plaintiff has demonstrated in its moving papers that it is entitled to additional reimbursement in the sum of $5,544.81. Accordingly, the motion to reargue is granted, without costs, and upon reargument, the decision of this court, dated December 2, 1976, is recalled and the following amended decision is rendered in lieu thereof: Amended judgment of Supreme Court, New York County, entered on November 14, 1975, unanimously modified, on the law and on the facts, to the extent of increasing plaintiff's award by the sum of $49,813.12, deleting the dismissal of the complaint as against defendant the Aetna Casualty and Surety Company, and awarding judgment to plaintiff as against said defendant for the total amount of the award, as hereby modified. Except, as so modified, said amended judgment is affirmed, with one bill of $60 costs and disbursements to plaintiff as against defendants M. Melnick & Co., Inc. (Melnick), and the Aetna Casualty and Surety Company. On the record before us, we find no justification for allowing defendant-appellant Melnick offsets of $41,046.31, representing the cost of materials, equipment and work allegedly performed by Melnick on plaintiff's behalf, and $3,222 for bond premium expenditure. Moreover, plaintiff should be permitted to recover the sum of $5,544.81 for extras that the trial court improperly disallowed. The trial court properly refused to admit Melnick's Exhibit No. I into evidence, in toto, for lack of a proper foundation, but nevertheless accepted a portion thereof as containing sufficient documentation to support the $41,046.31 offset. Our reading of the record and the exhibit fails to reveal any discernible distinction between the evidentiary support for the allowed items and the disallowed items. Similarly, the allowance to Melnick of the sum of $3,222 as reimbursement for a bond premium expenditure was improper since no proof was offered to support a claim that plaintiff's lien was improperly filed or willfully exaggerated. Likewise, Melnick conceded below

that extras of $7,081.60 were due to the plaintiff. Inexplicably, the lower court only awarded the plaintiff $1,536.79 of the total sum conceded to be due. This error will now be rectified by awarding the plaintiff the difference of $5,544.81. Finally, no issue was raised at the trial as to the action on the bond filed to discharge the mechanic's lien and the judgment in plaintiff's favor should run against the surety company as well as against Melnick. Resettled order signed and filed. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.